IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-_____-___-___

TIFANIE HARVEY,

Plaintiff,

v.

EMILY GRIFFITH TECHNICAL COLLEGE,

Defendant.

---

PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

---

Plaintiff, Tifanie Harvey, by and through her attorney, Ralph Lamar, for this her Complaint, respectfully alleges as follows:

**I.  NATURE OF THE CASE**

1. This employment discrimination and civil rights action is brought against Defendant Emily Griffith Technical College (hereinafter referred to as "EGTC"), by Plaintiff Tifanie Harvey for equitable relief and monetary damages to redress the deprivation of civil rights secured to her by Section 504 of the Rehabilitation Act ("Rehab Act"), 29 U.S.C. § 794 *et seq* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 2000e *et seq*.

Specifically, she alleges that Defendant, a unit of the Denver Public Schools, refused to provide her with an accommodation for her disability in violation of the ADA and the Rehabilitation Act.  She also alleges that EGTC terminated her employment as a Concierge because of her medical condition in violation of the ADA and the Rehabilitation Act.  Harvey alleges that the Defendant's actions caused her mental distress and humiliation, and loss of employment and compensation.  She seeks back pay, reinstatement or front pay, compensatory

1

damages, and attorneys' fees and costs of this action.

## II.   JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction over the claims under 28 U.S.C. §§ 1331 and 1343, because they arise under the laws of the United States and said claims are brought to recover damages for the deprivation of Harvey's civil rights.

3.   Venue is proper in this judicial District under 28 U.S.C. § 1391(b),(c) and 42 U.S.C. § 2000e-5(f)(3), because Defendant has offices, conducts business, and can be found in this District, and the causes of action arose and the acts and omissions complained of occurred herein.

## III.   PARTIES

4.   Plaintiff is a citizen of the U.S. currently residing in Denver, CO and is subject to the jurisdiction of this court.

5.   Defendant was the employer who terminated plaintiff's employment.  At all relevant times during plaintiff's employment by Defendant, it employed more than 14 persons and is therefore subject to the terms of the ADA.  Additionally, during all relevant times it received federal funds and/or the department in which plaintiff had worked was a program or activity for which federal funds were received, and therefore Defendant is subject to the provisions of the Rehab Act and is subject to the jurisdiction of this court under that statute.  Defendant's offices are located at 1860 Lincoln St., Denver, CO.  Defendant is therefore subject to the jurisdiction of this court.

## IV.   STATEMENT OF FACTS

7.   Plaintiff was hired by Denver Public Schools in September 2019 as a Guest/Substitute Teacher.

8.   Plaintiff became a Concierge for Defendant EGTC in September 2020.

9. Plaintiff suffers from Thalassemia.

10. Thalassemia is an inherited blood disorder that causes a person's body to have less hemoglobin than normal.

11. As a result of the condition plaintiff is chronically immunocompromised.

12. Plaintiff's condition constitutes a recognized medical impairment of the immune system.

13. As a result of her immunocompromised status plaintiff is substantially limited in the major life activity of interacting with other people.

14. On or about July 9, 2020, while she was still a guest teacher, plaintiff requested a reasonable accommodation from Defendant.

15. She submitted her request to Human Resources and her direct supervisor.

16. The request was that she be allowed to work remotely at the recommendation of her physician.

17. Plaintiff made that request because of the COVID-19 pandemic, which made being around other individuals a serious danger to her health and posed a significant risk of death.

18. Defendant initially complied with that request and allowed plaintiff to work remotely.

19. Plaintiff performed to Defendant's standards while being allowed to work remotely.

20. In July 2021, plaintiff was notified that the Defendant would no longer accommodate her request to work remotely because of the lifting of the stay-at-home rules established to address the COVID-19 pandemic.

21. Shortly thereafter Plaintiff notified Defendant that she was unable to return to in-person work as a result of her condition and that while there was less risk due to COVID to the general population she still faced significant risk to her health by being required to be exposed to individuals who may have the virus.

22. Defendant denied plaintiff's request claiming that an essential function of the Concierge position was that she attend work only in-person.

23. Defendant's assertion defied logic as plaintiff had performed her duties as a Concierge from home for approximately a year without negative consequences.

24. Because Plaintiff was not allowed to return to work in a remote capacity on a full-time 5 day a week basis she was placed on administrative leave by Defendant on August 12, 2021.

25. Plaintiff was subsequently offered two positions by Defendant as purported reasonable accommodations.

26. However, neither of the positions constituted a reasonable accommodation.

27. One of the positions offered to plaintiff constituted a demotion.

28. The second position plaintiff was offered was one for which she was not qualified to perform.

29. Defendant finally claimed to "offer to meet plaintiff halfway" by allowing her to work remotely 2 days a week instead of one day a week.

30. The last "offer" was not a reasonable accommodation given that plaintiff's health would still be subjected to great risk by being around unvaccinated persons and those who refused to wear masks while the COVID-19 virus was still present in the environment.

31. As a result of Defendant's failure to provide plaintiff with a reasonable accommodation she was placed on an unpaid leave of absence on September 17, 2021, thereby effectively ending her employment.

## COUNT I

## REHABILITATION ACT VIOLATION – FAILURE TO ACCOMMODATE AND TERMINATION ON THE BASIS OF A DISABILITY

32. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 30 as though set forth fully herein.

33. As a result of her Thalassemia as set forth in this complaint, plaintiff has a "disability" as defined in the ADAAA and the Rehabilitation Act.

34. Plaintiff was able to perform the essential functions of the position she held - Concierge - with, or without, a reasonable accommodation, and is therefore a qualified individual with a disability under the Rehabilitation Act.

35. Defendant's refusal to reasonably accommodate plaintiff's disability was a violation of the Rehab Act.

36. Defendant's decision to terminate plaintiff's employment was done because of Plaintiff's disability.

37. Defendant's termination of plaintiff's employment constituted a violation of the Rehabilitation Act.

38. As a direct result of Defendant's intentional and unlawful actions in violation of the Rehabilitation Act, plaintiff has suffered economic damages, emotional pain and distress, and has sustained a loss of benefits, and interest due thereon.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in her

favor:

(a)  Awarding lost wages in the form of back pay, including lost fringe benefits;

(b)  Awarding compensatory damages;

(c)  Ordering reinstatement or, in the alternative, issuing an award of front pay;

(d)  Awarding the costs of this action, together with reasonable attorney's fees; and

(e)  granting such other relief as the Court deems necessary and appropriate.

## COUNT II

## ADA VIOLATION – FAILURE TO ACCOMMODATE AND TERMINATION ON THE BASIS OF A DISABILITY

39. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 38 as though set forth fully herein.

40. As a result of her Thalassemia as set forth in this complaint, plaintiff has a "disability" as defined in the ADAAA.

41. Plaintiff was able to perform the essential functions of the position she held - Concierge - with, or without, a reasonable accommodation, and is therefore a qualified individual with a disability under the ADAAA.

42. Defendant's refusal to reasonably accommodate plaintiff's disability was a violation of the ADAAA.

43. Defendant's decision to terminate plaintiff's employment was done because of Plaintiff's disability.

44. Defendant's termination of plaintiff's employment constituted a violation of the ADAAA.

45. As a direct result of Defendant's intentional and unlawful actions in violation of

the ADA, plaintiff has suffered economic damages, emotional pain and distress, and has sustained a loss of benefits, and interest due thereon.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in her favor:

    (a)    Awarding lost wages in the form of back pay, including lost fringe benefits;

    (b)    Awarding compensatory damages;

    (c)    Ordering reinstatement or, in the alternative, issuing an award of front pay;

    (d)    Awarding the costs of this action, together with reasonable attorney's fees; and

    (e)    granting such other relief as the Court deems necessary and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated this 17th day of February, 2023.

                  Respectfully submitted,

By:    *s/Ralph E. Lamar, Esq.*
         Ralph E. Lamar
         4728 Hamilton Blvd.
         Allentown, PA 18103
         (610) 563-0726
         ralphlamar@ymail.com

         Attorney for Plaintiff